UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKLIN IVAN PASTUNA PASTUNA,<br><br>Petitioner,<br><br>-against-<br><br>LADEON FRANCIS, *in his official capacity as* Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement; TODD LYONS, *in his official capacity as* Acting Director, Immigration and Customs Enforcement; KRISTI NOEM, *in her official capacity as* Secretary, U.S Department of Homeland Security; PAMELA BONDI, *in her official capacity as* Attorney General of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Respondents. | 26-CV-398<br><br><u>ORDER</u> |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/28/2026____

VALERIE CAPRONI, United States District Judge:

WHEREAS on January 23, 2026, the Court granted the Petition for a Writ of Habeas Corpus at Dkt. 1, ordering that Petitioner be released, Dkt. 15; and

WHEREAS via letter dated January 27, 2026, Respondents confirmed that U.S. Immigration and Customs Enforcement would not: re-detain Petitioner without a valid exercise of discretion; deny bond to Petitioner in any subsequent proceeding on the ground that he must be detained on the same grounds absent a change in relevant circumstances; invoke the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) in the event that Petitioner is granted bond; or impose other conditions of release or burdens on Petitioner's liberty, such as an ankle monitor, without prior notice of at least one week to Petitioner and the Court, Dkt. 18.

IT IS HEREBY ORDERED that the Clerk of Court enter judgment in favor of Petitioner Franklin Ivan Pastuna Pastuna and CLOSE this case.

IT IS FURTHER ORDERED that Petitioner's Motion for Attorney Fees at Dkt. 21 is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that an application by Petitioner for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, may be filed not later than **30 days** after the Government's time to appeal the final judgment in this action has expired. *See United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) ("The 30-day EAJA clock begins after the time to appeal that 'final judgment' has expired." (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 95–96 (1991))). The Government's response to Petitioner's EAJA application must be filed not later than **30 days** after any such application is made. Petitioner's reply in support of his EAJA application must be filed not later than **15 days** after the Government's response is submitted. Although the Court has set a briefing schedule for the anticipated motion, the parties are encouraged to explore whether they can reach a negotiated resolution as to fees.

**SO ORDERED.**

**Dated: April 28, 2026**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

2